Contracts; Medicare Act; reimbursement for provider costs; overhead costs; start-up costs; reasonableness of costs. — The court’s first opinion in this case, 214 Ct.Cl. 60, 556 F. 2d 500 (1977), remanded to the trial judge for determination an unresolved residual issue governing the allocation of start-up overhead costs for plaintiffs newly constructed 120-bed nursing home which are reimbursable under the Medicare program, 42 U.S.C. § 1395x(2). The remand order instructed the trial judge, in determining the reimbursement due plaintiff for its start-up costs amortizable over the period from October 8,1968 through January 9, 1970, during which the plaintiff participated in the Medicare program, to credit the government with whatever reimbursements were already paid to plaintiff which are properly allocable to start-up costs, including increases of 20 percent in 1968 and 5 percent in 1969 added in recognition of plaintiffs low occupancy rates during the build-up period. On June 27, 1980 Trial Judge C. Murray Bernhardt filed a recommended opinion concluding that plaintiff has been liberally compensated by the fiscal intermediary based upon the actual fee charged to a private patient by the provider plus a "dividend” to compensate for the low occupancy resulting from plaintiffs staggered licensing problem. Plaintiff is therefore not entitled to further reimbursement. On January 30, 1981 the court, by order, adopted the recommended decision of the trial judge *614 as the basis for its judgment in this case and dismissed the petition.